## ABE GILLILAND v. STATE.

No. A-5453.    Opinion Filed March 15, 1926.
(244 Pac. 60.)

Jno. L. Ward and George Paschal, for plaintiff in error.

The Attorney General and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J. Appellant, Abe Gilliland, was convicted on an information charging that on July 29, 1924, he did have in his possession 6½ gallons of whisky with the intent to sell the same, and, in accordance with the verdict of the jury, he was sentenced to pay a fine of $500 and to be confined in the county jail ffor 6 months. From the judgment he appeals, and assigns as error that the verdict is not supported by sufficient evidence, and that the penalty assessed by the verdict is excessive.

The uncontradicted evidence shows that under authority of a search warrant three police officers searched the premises known as the Catherine Hotel, at 1321 West Eighteenth street in West Tulsa; that they found in the garage back of the hotel 6½ gallons of corn whisky in gallon jugs, and several pint bottles; that before they finished searching the premises appellant appeared and in a conversation with the officers said that the whisky was his, and there was no use looking for any more, that that was all there was there; that after his arrest the defendant made the voluntary statement to the officers that, if they would make it a city charge, he would pay it. The defendant did not testify.

We see no reason to doubt that this conviction was justified by the evidence. There were no objections made or exceptions taken to the admission of the state's evidence. However, it is urged in the argument that the affidavit upon which the search warrant was issued was not valid, and that the search warrant was illegal, because it was a John Doe warrant and not sufficiently definite. No exceptions having been taken the question argued is not presented by the record, and is not re-

viewable here. We may here remark that counsel for appellant were not his attorneys in the court below and had nothing to do with the trial of the case.

The only remaining question is that in regard to the penalty imposed. Upon the record before us we can find no legal ground upon which to base a modification of the judgment and sentence.

No substantial error appearing in the record, the judgment appealed from is affirmed.

BESSEY, P. J., and EDWARDS, J., concur.